UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

DUWAYNE BURTON,

                              **Petitioner,**                              18-CV-9002 (JPO) (SN)

                -against-                                        **OPINION & ORDER**

DONALD UHLER,

                              **Respondent.**
-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

        On September 20, 2018, Petitioner filed a petition for habeas corpus. ECF No. 1. On May 4, 2020, I recommended that the Honorable J. Paul Oetken deny the petition. ECF No. 27. Before his objections were due, Petitioner moved for a stay and abeyance to allow him to exhaust an additional claim and amend his petition. ECF No. 30.

        District courts may stay a petition for habeas corpus to allow a petitioner time to exhaust any remaining state court claims. See Rhines v. Weber, 544 U.S. 269 (2005). A petitioner requesting such relief, however, must demonstrate: (i) good cause for failing to exhaust the claims in the first instance; (ii) that the claims are potentially meritorious; and (iii) that there is no indication that the petitioner engaged in intentionally dilatory tactics. Id. at 278.

        Petitioner has failed to meet his burden. First, he did not include any information explaining why he failed to exhaust his claim, thereby providing no showing of good cause. Second, although he requests the Court stay his petition while he exhausts "a meritorious CPL § 440.10 claim," this is simply a conclusory statement, not evidence of the merits of the claim. ECF No. 31 ¶ 3. Indeed, he included no facts or specifics about this claim, making it impossible to evaluate for merit at all. Finally, the request for a stay was made ten days before his objections

to the pending Report and Recommendation were due. This leads the Court to believe the motion was not made in good faith, but as an intent to delay a ruling on his petition.

Petitioner also seeks to amend his petition to add a claim pursuant CPL § 60.22. (It is unclear if Petitioner exhausted this claim in state court; if he has not raised this argument on direct appeal, his time to do so has expired.) The Court denies leave to amend his petition on this ground because it would be untimely and because it is without merit. An application for writ of habeas corpus must be filed within one year of the date that judgment became final. See 28 U.S.C. § 2241(d)(1)(A). The judgment in Petitioner's case became final on September 19, 2018, 90 days after the New York State Court of Appeals denied his application for leave to appeal. See Pratt v. Greiner, 305 F.3d 1190, 1195 (2d. Cir. 2002). Although the initial petition was timely, any claim Petitioner sought to exhaust on August 20, 2020, was not.

Under Federal Rule of Civil Procedure 15(c), leave to amend a petition to include an untimely claim should be granted only if the new claim "relates back" to the claims in the original petition. Petitioner's only claim in the original petition related to the trial court's refusal to allow him to treat Dexter Manning, his own witnesses, as hostile. The CPL § 60.22 claim concerns the testimony of an unidentified accomplice, presumably one of the government's witnesses. Because these claims are not tied to a common core of operative facts, Petitioner has failed to establish that his § 60.22 claim relates back and would therefore be timely.

Petitioner's CPL § 60.22 claim is also not cognizable on habeas review. See 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for writ of habeas corpus in behalf of a person in custody . . . only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Unlike New York's CPL § 60.22, which mandates that accomplice testimony be corroborated, the United States Constitution requires only that a

conviction be supported by sufficient evidence. Jackson v. Va., 445 U.S. 307, 318-19 (1979); see also Scrivner v. Tansy, 68 F.3d 1234, 1239 (10th Cir. 1995) ("The Constitution does not prohibit convictions based primarily on accomplice testimony." (citing cases)). Under federal law, the uncorroborated testimony of an accomplice may satisfy this constitutional requirement, provided that it "is not incredible on its face and is otherwise capable of establishing guilt beyond a reasonable doubt." Scrivner, 68 F.3d at 1239; see also United States v. Elusma, 349 F.2d 76, 79 (2d Cir. 1988) ("An accomplice's testimony . . . need not be corroborated to establish guilt."). Because any claim brought under CPL § 60.22 raises only a question of state law, it would not be cognizable on federal habeas review. See, e.g., McRae v. Pere, No. 11-cv-5715 (VB) (LMS), 2015 WL 9165770, at * 4 (S.D.N.Y. Sept. 16, 2015). Thus, even if Petitioner could establish that his claim pursuant to CPL § 60.22 relates back to the claim in his original petition, it would be denied on the merits.

      Petitioner's requesst for a stay and abeyance of his petition is DENIED. Respectfully, the Clerk of Court is directed to terminate the motion at ECF No. 30, and to mail a copy of this Opinion and Order to the Petitioner.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:     New York, New York
           December 21, 2020