UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DUWAYNE BURTON,                                :
                                Petitioner,   :       18-CV-9002 (JPO) (SN)
                                           :
                 -v-                :       ORDER ADOPTING
                                             :       REPORT AND
DONALD UHLER,                                  :       RECOMMENDATION
                                Respondent. :
----------------------------------------------------------------X

J. PAUL OETKEN, District Judge.

       Petitioner Duwayne Burton brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that his constitutional rights were violated when he was (1) prevented from impeaching a witness at trial and (2) convicted based on the testimony of two witnesses alleged to be his accomplices. After reviewing the parties' submissions and the record, Magistrate Judge Sarah Netburn issued a Report and Recommendation ("R&R") advising that Burton's claims were meritless and that his petition should be denied. (Dkt. No. 27.) This Court adopts Judge Netburn's R&R in its entirety.

**I.    Standard of Review**

       In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When parties object to any portion of a report and recommendation, that portion is reviewed *de novo*; otherwise, it is reviewed for clear error. *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

**II.    Application**

       Burton's primary claim is that one of the state court's evidentiary rulings, which prevented him from treating his witness Dexter Manning as a hostile witness, denied him the

right to present a defense. Citing *Wade v. Mantello*, 333 F.3d 51 (2d Cir. 2003), Judge Netburn correctly concludes that this claim lacks merit. (R&R at 12–13.) *Wade* explains that "the propriety of [a state] trial court's evidentiary ruling" precludes habeas relief. 333 F.3d at 59. If a state appellate court finds "that the trial court properly excluded [evidence] . . . habeas relief may not be granted unless this determination was objectively unreasonable." *Id*. at 60. Furthermore, if the excluded evidence was of "limited probative value" and such evidence "could have . . . misled or confused" the jury, the state appellate court's affirmance is not objectively unreasonable. *Id*. at 61–62.

As Judge Netburn highlights, here, the New York Appellate Division upheld the trial court's decision to prevent Burton from impeaching Manning's credibility. (R&R at 13.) Under New York Criminal Procedure Law ("C.P.L.") § 60.35, a defendant may impeach his own witness only when that witness "gives testimony upon a material issue of the case which tends to disprove the position" of the defendant and which is "contradictory" to the witness's previous statements. The Appellate Division held that Manning's "trial testimony did not tend to disprove or affirmatively damage the defense" and that his "out-of-court statement and trial testimony were essentially similar," rather than contradictory. *People v. Burton*, 159 A.D.3d 550, 551 (1st Dep't 2018).

The Appellate Division's determination was perfectly reasonable. Although Burton, in his objection to the R&R, argues that Manning's trial testimony "directly undercut the defense position" (Dkt. No. 32 at 3), the trial record shows that the defense repeatedly referenced Manning's trial testimony in support of Burton's acquittal (Dkt. No. 20 at 20, 28–32). Indeed, in his summation, defense counsel urged, "I have a reasonable doubt in this case based upon just what Mr. Manning said." (Dkt. No. 20 at 32.) That the prosecution found a way to harmonize

Manning's trial testimony with its theory of the case (Dkt. No. 20 at 69–70) does not mean that the trial testimony, which was central to the defense's position, actually disproved the defense's position. In light of the defense's heavy reliance on Manning's trial testimony, it is unclear how impeaching Manning's credibility would have served Burton's case. Moreover, permitting Burton to impeach Manning's credibility with his out-of-court statement would have presented "a real danger of [jury] confusion," *People v. Fitzpatrick*, 40 N.Y.2d 44, 50 (1976), because impeachment evidence "does not constitute evidence in chief," C.P.L. § 60.35(2). As Judge Netburn concludes, Burton's challenge to the trial court's evidentiary ruling does not present a basis for habeas relief.

Judge Netburn also recommends denying Burton's secondary claim, that the evidence before the jury was insufficient to support his conviction and that this deficiency warrants habeas relief. On direct appeal, the Appellate Division rejected Burton's sufficiency challenge, holding not only that the evidence was "legally sufficient" but also that it was "overwhelming." *Burton*, 159 A.D.3d at 551. As Judge Netburn correctly concludes, the Appellate Division did not act unreasonably in rendering this decision. Burton's alleged accomplices both testified that Burton orchestrated the burglary that led to the attempted robbery and murder of the deceased. Although Burton objects that this testimony was "uncorroborated" and "inherently unbelievable" (Dkt. No. 32 at 4), the testimony in fact is consistent with phone and video records. These records show Burton contacting the deceased before but not after his murder; contacting the alleged accomplices before and around the time of the murder; entering the deceased's building with the alleged accomplices before the murder; and exiting the building with the alleged accomplices shortly after the murder. (Dkt. No. 13 at 35–38.) Certainly, a "rational trier of fact" "viewing the evidence in the light most favorable to the prosecution . . . could have found the

essential elements of the crime[s] beyond a reasonable doubt." *Santos v. Zon*, 206 F. Supp. 2d 585, 588 (S.D.N.Y. 2002) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  Burton's sufficiency challenge does not present a basis for habeas relief.[1]  *See id*. at 589–90.

### III. Conclusion

The Court adopts Magistrate Judge Netburn's thorough and well-reasoned Report and Recommendation of May 4, 2020, in its entirety.  In accordance with that Report and Recommendation, Burton's petition for a writ of *habeas corpus* is denied.

The Clerk of Court is directed to close the case, and to mail a copy of this Opinion and Order to the Petitioner.

SO ORDERED.

Dated: New York, New York
January 19, 2021

_____
J. PAUL OETKEN
United States District Judge

---

[1] In his reply brief, Burton requests an evidentiary hearing so that he may advance his sufficiency challenge.  The record, however, allows the Court to resolve this claim without further factual development.